UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JIMMIE LEE BYRD,

        Petitioner,

vs.                      Case No. 2:06-cv-517-FtM-29DNF
                          (Case No. 2:02-cr-117-FTM-29DNF)

UNITED STATES OF AMERICA,

        Respondent.
_____

**OPINION AND ORDER**

     This matter comes before the Court on petitioner's Motion to Vacate, Set Aside or Correct and Illegal Sentence and Conviction, Pursuant to 28 U.S.C. § 2255 (Doc. #1) filed on September 29, 2006. The government filed its Response in opposition (Doc. #7) on December 8, 2006, and petitioner filed his Traverse to the government's Response (Doc. #8) on January 4, 2007.

**I.**

Petitioner Jimmie Lee Byrd ("petitioner" or "Byrd") was indicted in the Middle District of Florida on December 11, 2002. On January 21, 2003, the government filed an information and notice pursuant to 21 U.S.C. § 851 (Cr. Doc. #18[1]); an Amended Notice (Cr.

---

[1]Docket numbers referring to petitioner's corresponding criminal case, Case No. 02:02-cr-117-FtM-29DNF, are cited as (Cr.
                                         (continued...)

Doc. #165) was filed on April 10, 2003.  On March 19, 2003, a four count Superseding Indictment (Cr. Doc. #46) was filed, charging petitioner with conspiracy to import five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine (Count One); conspiracy to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine (Count Two); importation, and aiding and abetting the importation, of five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine (Count Three); and possession with intent to distribute, and aiding and abetting such possession, of five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine (Count Four).

After a four-day trial in May, 2003 (Cr. Docs. ## 265, 266, 279, 288), a jury found petitioner guilty as charged in the Superseding Indictment (Cr. Doc. #291).  On August 11, 2003 petitioner was sentenced to 360 months imprisonment on Counts One and Three, and life imprisonment on Counts Two and Four.  (Cr. Doc. #412.)  Judgment was entered on August 13, 2003 (Cr. Doc. #415).

Petitioner filed his Notice of Appeal (Cr. Doc. #422) on August 15, 2003.  Petitioner's direct appeal raised six issues: (1) The District Court erred in denying petitioner's motion to suppress

---

[1](...continued)
Doc. #).  Docket numbers referring to the current civil case are cited as (Doc. #).

evidence because law enforcement officers violated his Fourth Amendment rights; (2) the District Court erred in denying his motion for acquittal on the possession of cocaine charges in Counts Two through Four; (3) the District Court erred in enhancing his offense levels pursuant to USSG § 2D1.1(b)(2)(B) based upon his serving as captain of a vessel; (4) the District court erred by enhancing his sentence, pursuant to 21 U.S.C. §851, because the government's notice of its intent to enhance was legally insufficient; (5) the government failed to prove that the petitioner was subject to an 851 enhancement because it did not prove that the two prior offenses committed in the Southern District of Florida were committed by petitioner; and (6) the District Court erred by refusing to grant a downward departure, pursuant to USSG § 5K2.0, based upon petitioner's "act of humanitarianism." (Doc. #7-2.)  The Eleventh Circuit affirmed the convictions and sentence, but remanded to the District Court to correct a typographical error.  United States v. Byrd, 126 Fed. Appx. 462 (11th Cir. 2004).

The Supreme Court vacated the judgment and remanded the case to the Eleventh Circuit for further consideration in light of United States v. Booker, 543 U.S. 220 (2005).  Byrd v. United States, 544 U.S. 1059 (2005).  The Eleventh Circuit then held that petitioner abandoned his Booker/Apprendi[2] issues by failing to

---

[2]Apprendi v. New Jersey, 530 U.S. 466 (2000).

raise them in his initial appellate brief. The Eleventh Circuit reinstated the opinion, affirmed the conviction and sentences, and remanded the case to the District Court to correct a clerical error. United States v. Byrd, 141 Fed. Appx. 876 (11th Cir. 2005).

Petitioner filed his timely § 2255 motion claiming the following four errors: (1) The government failed to produce Brady[3] and Giglio[4] material and failed to correct false trial testimony; (2) petitioner was the target of selective and vindictive prosecution; (3) petitioner received ineffective assistance of counsel because counsel failed to present argument that petitioner does not have three qualifying prior convictions for an § 851 enhancement to a mandatory life sentence; and (4) petitioner received ineffective assistance of counsel when counsel failed to argue that petitioner could not be convicted and sentenced on Counts Three and Four.

**II.**

**A.  Ground One: Brady/Giglio Violations:**

Petitioner asserts that the government violated his Sixth Amendment right to a fair trial and his due process rights by failing to turn over material, exculpatory and impeaching evidence to the defense and failing to correct false testimony from its witnesses at trial. Specifically, petitioner asserts that after

---

[3] Brady v. Maryland, 373 U.S. 83 (1963).

[4] Giglio v. United States, 405 U.S. 150 (1972).

sentencing he discovered that the government had a tape recording made by cooperating co-defendant Darrell Taylor of a conversation with co-defendants Forest Ivan Weeks, Robert Luther Weeks, Nevin McLeran and others in which they discussed assassinating co-defendant Ferrel Keith Hall to end Hall's cooperation with the government. Petitioner asserts that this tape recording was played to Hall and later to the participating co-defendants as an inducement to plead guilty and testify or face an additional charge of conspiracy to murder a government witness. These co-defendants agreed to plead guilty and cooperate. Petitioner asserts that when these co-defendant witnesses testified at his trial, they did not mention the tape or the immunity from a murder conspiracy. Petitioner argues that the prosecution should have disclosed the tape and the murder conspiracy, and should have corrected trial testimony by the witnesses which omitted these facts as being a motivation for their testimony. Additionally, petitioner argues that Hall's true motivation for his testimony was that his co-defendants (other than petitioner, who claims no involvement in the murder conspiracy) were going to assassinate him. (Doc. #1, pp. 3-6.) Petitioner also asserts that the government's response establishes the existence of a second tape which was not previously disclosed to him. (Doc. #8.)

**(1) Procedural Bar:**

The government argues that this ground is procedurally defaulted and therefore cannot be considered in this § 2255

proceeding. It is well settled that a motion under § 2255 is an extraordinary remedy and will not be allowed to substitute for a direct appeal. Bousley v. United States, 523 U.S. 614, 621 (1998). Generally a defendant must assert an available issue on direct appeal or be procedurally barred from raising the issue in a § 2255 proceeding. Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994), cert. denied, 514 U.S. 1112 (1995); Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989), cert. denied 494 U.S. 1018 (1990). An issue is "available" on direct appeal when its merits can be reviewed without further factual development. Mills, 36 F.3d at 1055. Where an issue which could have been raised on appeal is not pursued, it will not be considered in a § 2255 proceeding absent a showing of cause and actual prejudice from the errors of which petitioner complains, or actual innocence. Bousley, 523 U.S. at 622; Mills, 36 F.3d at 1055. Cause for a procedural default may be established if petitioner can show that "some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule," or that his attorney's performance failed to meet the Strickland[5] standard for effective assistance of counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986); Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997). To establish actual innocence, petitioner must demonstrate that in light of all the evidence, it is more likely than not that

---

[5] Strickland v. Washington, 466 U.S. 668 (1984).

no reasonable juror would have convicted him. This means factual innocence, not mere legal insufficiency. Bousley, 523 U.S. at 623-24.

Here, the procedural default issue is somewhat intertwined with the discussion on the merits. Therefore, while the Court finds that the issue is procedurally defaulted because the issue was available on direct appeal, and there was no showing of cause, prejudice, or actual innocence, the Court will also reach the merits of the claim.

**(2) Merits:**

A defendant's due process rights can be violated either (1) when the prosecution suppresses evidence that is favorable to the defense and material to the defendant's guilt or punishment, or (2) when the prosecution knowingly uses false evidence or allows it to go uncorrected, even where the evidence goes only to the credibility of the witness. Carr v. Schofield, 364 F.3d 1246, 1254 (11th Cir. 2004).

Under Brady, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87 (1963). There are three components of a Brady violation: "(1) The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that evidence must have been suppressed by the

-7-

State, either willfully or inadvertently; and (3) prejudice must have ensued." Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317, 1354 (11th Cir. 2004).  There is no suppression of evidence in violation of Brady when the accused or his attorney knows before trial about the allegedly exculpatory information. United States v. Griggs, 713 F.2d 672, 674 (11th Cir. 1983).  Evidence is material, for Brady purposes, "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." United States v. Bagley, 473 U.S. 667, 682 (1985).  Thus, as stated in United States v. Vallejo, 297 F.3d 1154, 1164 (11th Cir. 2002):  "To establish a Brady violation, the defendant must show that (1) the government possessed favorable evidence to the defendant; (2) the defendant does not possess the evidence and could not obtain the evidence with any reasonable diligence; (3) the prosecution suppressed the favorable evidence, and (4) had the evidence been disclosed to the defendant, there is a reasonable probability that the outcome would have been different."

"[F]ailure to correct false testimony requires a new trial only if such testimony could in any reasonable likelihood have affected the judgment of the jury." United States v. Dohan, 508 F.3d 989, 992 (11th Cir. 2007)(quoting Giglio v. United States, 405 U.S. 150, 153 (1972)).  This is analogous to the "harmless beyond

reasonable doubt" standard, so that "if there is a reasonable doubt about the effect of the false testimony on the jury verdict, then it may be that there is a reasonable likelihood that the false testimony could have affected the verdict." Occhicone v. Crosby, 455 F.3d 1306, 1309 (11th Cir. 2006).  This differs from the materiality standard applicable to other types of Brady violations. Ventura v. Attorney General, Fla., 419 F.3d 1269, 1278 (11th Cir. 2005).  Where there is no objection at trial, the plain error standard applies.  Dohan, 508 F.3d at 992.

Petitioner's non-disclosure argument is rebutted by the record.  As the government asserts, "the recordings made by cooperating defendant Darrell Taylor, while not used at trial by the government, were available through discovery following the return of the superseding indictment." (Doc. #7, p. 6.)  This pretrial disclosure was made in an April 10, 2003, letter sent to petitioner's attorney (Doc. #7-4), enclosing a Rule 16 letter which stated in part: "Consensually monitored audio recordings were made in this case. As noted above, copies are available and transcripts will be provided if and when finalized."  (Doc. #7-5, p. 4.) Additionally, similar letters were sent to petitioner's counsel in April and May, 2003.  (Cr. Docs. ## 254, 326.)  Since the defense had access to the tapes in question, there was no Brady or Giglio violation in this case.

The claim of false testimony resulting from a failure to correct trial testimony also fails.  First of all, contrary to

petitioner's suggestion, neither of the Weeks brothers were on the government's witness list (Cr. Doc. #280) and neither testified at his trial. (Cr. Docs. ## 531-534.) The only participant in that conversation who testified was McLeran. (Cr. Doc. #533.) The Plea Agreement for McLaren (Cr. Doc. #307) and Hall (Cr. Doc. #214) were public record, were disclosed to counsel, and contained a provision indicating that the government would not prosecute the witness for other crimes. Petitioner has not identified any specific testimony he asserts was false, and the Court has found none in its review of the trial transcript. Accordingly, petitioner's claim is without merit.

**B.   Ground Two:   Selective Prosecution:**

Petitioner alleges that he was selectively and vindictively prosecuted for exercising his right to a trial and his religious beliefs which preclude cooperation with the government. (Doc. #2, pp. 6-10.) Petitioner argues that his co-defendants who did not go to trial were similarly situated but were treated more favorably regardless of their actual involvement, criminal culpability and criminal history. Petitioner asserts that he did not cooperate with the government because he has a "religious belief that he should not lay his burdens upon others through an act of betrayal as [p]etitioner believes to do so is an affront to God." (Doc. #8, p. 7.) The government responds that the "fact that his co-defendants, who entered guilty pleas received more favorable

sentences and had charges dismissed against them, is purely the nature of plea agreements." (Doc. #7, p. 8.)

**(1) Procedural Bar:**

The government argues that the alleged vindictive prosecution claim is procedurally barred because it was available as an issue on direct appeal but was not pursued. The Court agrees. Petitioner has not shown any cause, prejudice or actual innocence.

**(2) Merits:**

Alternatively, the Court finds that there is no merit to petitioner's claim of prosecutorial vindictiveness. Claims of prosecutorial vindictiveness are analyzed on a case by case basis. United States v. Spence, 719 F.2d 358, (11th Cir. 1983). The record in this case is undisputed that petitioner and his co-defendants were not similarly situated persons. All of the co-defendants petitioner identifies accepted responsibility for their offense, entered guilty pleas pursuant to Plea Agreements, cooperated with the government, and testified or agreed to testify as a government witness. Petitioner did none of these things. Looking at the different sentences received by petitioner and these co-defendants does not support even an inference of vindictiveness, but is simply the result of the plea bargaining system long approved by the Supreme Court. United States v. Barner, 441 F.3d 1310, 1320 (11th Cir. 2006). Having decided not to cooperate because of his personal beliefs, petitioner cannot claim

entitlement to the benefits that may have resulted if he had agreed to cooperate. Id. There is no merit to petitioner's claim of prosecutorial vindictiveness.

**C. Ineffective Assistance of Counsel:**

Petitioner's final two issues relate to claims of ineffective assistance of counsel by his trial attorney. The Court concludes that neither have merit.

**(1) General Principles:**

Issues of ineffective assistance of counsel can be raised in a § 2255 proceeding even where petitioner could have raised the issues on direct appeal but failed to do so. Massaro v. United States, 123 S. Ct. 1690 (2003). The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88. See also Wiggins v. Smith, 123 S. Ct. 2527, 2535 (2003); Williams v. Taylor, 529 U.S. 362 (2000). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe

v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is "highly deferential." Id. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. An attorney is not ineffective for failing to raise a meritless issue. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

**(2) Merits:**

In Ground III, petitioner asserts that he received ineffective assistance of counsel because his attorney failed to challenge the legal effect of the underlying convictions of his §851 enhancement. Petitioner asserts that two of the prior convictions were consolidated and should thus have counted as one conviction instead of two. Petitioner argues that his counsel did not conduct a proper and full investigation into the facts and cases of the prior convictions. The record reflects the contrary.

Petitioner's counsel filed a Response to and Motion to Strike Information and Notice of Prior Convictions (Cr. Doc. #321) denying the prior convictions the government listed in its information and notice and asserting that the government's information did not constitute sufficient notice. During sentencing, this issue was addressed thoroughly. (Cr. Doc. #535, pp. 7-22.) Petitioner conferred with his attorney twice during the portion of sentencing in which his prior convictions were addressed. (Id. at pp. 10, 20.) Counsel's argument during sentencing was that the defendant

-13-

was standing mute as to the allegations regarding prior convictions in the § 851 information and the paragraphs in the presentence report referring to those prior convictions; that is, defendant was "making no affirmative representations" and was in disagreement with the facts. (Id. at 8.) Counsel argued that it as "incumbent upon the government to establish both the identity and disposition of those cases" (Id. at 9.) The government "put the probation officer on the stand to reveal what records [they] have in regard to Mr. Byrd and how [they] can establish these convictions are in fact [his]." (Id. at 10.) Both the government and petitioner's counsel questioned witness Ardith Kentner ("Ms. Kentner"), who wrote the presentence report pertaining to petitioner. Petitioner's counsel argued that because the sentence in the 1990 case was suspended that it should not count, and that "there hasn't been any affirmative showing that Mr. Byrd was in fact the defendant who was listed in the two Southern District cases." The Court concluded:

> that the defendant Jimmie Lee Byrd who was convicted by the jury in this case is the same Jimmie Lee Byrd set forth in paragraphs 58, 59, and 62 of the presentence report. And that there are no reasons that have been established that those prior convictions should not be counted or considered by the Court under Sections 851 under Title 21 of the United States Code. To the extent there's objections to that, therefore, the Court will overrule those objections.

(Cr. Doc. #535, p. 22.) The Court concludes that petitioner's trial counsel vigorously objected to and defended petitioner

-14-

against the Section 851 enhancement, and counsel' performance was not deficient and petitioner did not receive ineffective assistance of counsel.

In Ground IV of his petition, petitioner asserts that he received ineffective assistance of counsel when his counsel failed to argue that petitioner could not be convicted on Counts III and IV because he was alleged to have been a principal, and because he could not have aided and abetted those acts because a person cannot aid and abet a crime which has already been completed.  (Doc. #1, pp. 11-12.)  There is no basis in either law or fact for petitioner's argument.  The government was permitted by the evidence to argue that petitioner was criminally liable as a principal and as an aider and abetter of the other participants. <u>United States v. Hassoun</u>, 476 F.3d 1181, 1183 n.2 (11th Cir. 2007). The evidence clearly established that the crime had not been completed prior to petitioner's involvement.  Petitioner's counsel did not provide ineffective assistance by failing to make a meritless argument.

Accordingly, it is now

**ORDERED**:

1.  Petitioner's Motion to Vacate, Set Aside or Correct and Illegal Sentence and Conviction, Pursuant to 28 U.S.C. 2255 (Doc. #1) is **DENIED**.

2. The Clerk shall enter judgment accordingly and close the file.

3. The Clerk shall file a copy of the Judgment in the associated criminal case, Case No. 2:02-cr-117-FTM-29DNF.

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of April, 2008.

_____
JOHN E. STEELE
United States District Judge


Copies:
Jimmie Lee Byrd
AUSA