```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                            2:02-cr-117-FtM-29DNF

JIMMIE LEE BYRD

_____

**<u>OPINION AND ORDER</u>**

    This matter comes before the Court on defendant Jimmie Lee Byrd's Petition for a Writ of Audita Querela (Doc. #681) filed on October 22, 2010. No response has been filed, and the time to respond has expired.

    Defendant Jimmie Lee Byrd (defendant or Byrd) was convicted of various counts and sentenced to life imprisonment on one count and thirty years imprisonment on the other counts. His convictions and sentences were affirmed on direct appeal after remand from the United States Supreme Court (Doc. #625), and his motion pursuant to 28 U.S.C. § 2255 was denied (Doc. #638). Defendant now argues that he is entitled to a new trial because the trial court violated his Sixth Amendment right when it cleared the courtroom of all spectators during jury selection in order to make room for the jury panel. Despite the lack of an objection to this procedure, and the failure to raise the issue previously at any level, defendant argues that this violated <u>Presley v. Georgia</u>, 130 S. Ct. 721 (2010). Defendant's procedural mechanism to bring the issue before the Court is a petition for a writ of *audita querela*.

The Eleventh Circuit has held that a writ of *audita querela* may not be granted when relief is cognizable under § 2255. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005). The issue defendant raises is cognizable under § 2255, and therefore a writ of *audita querela* is not available to defendant. While a district court may liberally construe defendant's motion as a § 2255 motion, Holt, 417 F.3d at 1175, that would be futile in this case. The district court would have no jurisdiction to entertain such a § 2255 motion because it would constitute a successive § 2255 motion and defendant has not obtained permission from the Eleventh Circuit to file such a successive § 2255 motion. Schanck v. United States, 384 Fed. Appx. 887 (11th Cir. 2010). Therefore, defendant's petition for a writ of *audita querela* will be denied, without prejudice to seeking leave of the Court of Appeals to file a second or successive § 2255 petition.

Accordingly, it is now

**ORDERED**:

Defendant Jimmie Lee Byrd's Petition for a Writ of Audita Querela (Doc. #681) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __29th__ day of December, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Jimmie Lee Byrd