UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JIMMIE LEE BYRD,

    Petitioner,

v.                                 Case No:  2:17-cv-414-FtM-29MRM
                                   Case No. 2:02-CR-117-FTM-29DN
UNITED STATES OF AMERICA,

    Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's "Motion to Vacate, Correct or Set Aside Pursuant to Title 28 U.S.C. § 2255 in Light of McCarthan v. Director of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017)(En Banc)" (Cv. Doc. #1; Cr. Doc. #716)[1] filed on July 21, 2017.  The government filed a Response in Opposition to Motion (Cv. Doc. #8) on September 25, 2017. The petitioner filed a Motion in Reply (Cv. Doc. #9) on October 10, 2017.  The motion is due to be dismissed as a second or successive petition filed without authorization.

**I.**

Petitioner was originally indicted in the Middle District of Florida in 2002, and a four-count Superseding Indictment was filed

---

[1]The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

in 2003. Petitioner went to trial, where a jury found him guilty as to all four counts. (Cr. Doc. #291.) See also Byrd v. United States, No. 2:02-CV-117-FTM-29DNF, 2008 WL 1897531, at *2 (M.D. Fla. Apr. 25, 2008) (detailing procedural history); 2:06-cv-517-FTM-29DNF. On August 11, 2003, the Court sentenced petitioner to a term of imprisonment of 360 months on Counts One and Three, and life imprisonment on Counts Two and Four, followed by a term of supervised release. (Cr. Doc. #412.) Judgment (Cr. Doc. #415) was issued on August 13, 2003.

Petitioner filed a Notice of Appeal (Cr. Doc. #422). On July 26, 2005, the Eleventh Circuit reinstated its previous opinion,[1] and affirmed the convictions and sentences, but remanded to correct a clerical error in the Judgment. United States v. Byrd, 141 F. App'x 876 (11th Cir. 2005); Cr. Doc. #625. An Amended Judgment (Cr. Doc. #627) was filed on August 31, 2005, to correct the clerical error.

On September 29, 2006, petitioner filed a Motion to Vacate, Set Aside or Correct and Illegal Sentence and Conviction, Pursuant to 28 U.S.C. § 2255 (Cr. Doc. #638), which was denied by Opinion and Order (Cr. Doc. #654) on April 25, 2008. See Byrd v. United

---

[1] After the Eleventh Circuit initially affirmed the convictions and sentences, United States v. Byrd, 126 F. App'x 462 (11th Cir. 2004) (Table), the decision was remanded by the United States Supreme Court for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). Byrd v. United States, 544 U.S. 1059 (2005).

States, No. 2:02-CV-117-FTM-29DNF, 2008 WL 1897531, at *2 (M.D. Fla. Apr. 25, 2008); 2:06-cv-517-FTM-29DNF, Cv. Doc. #9 (M.D. Fla. 2008). In this Section 2255 motion, petitioner raised the following issues: (1) that the government failed to produce Brady[2] and Giglio[3] material and failed to correct false trial testimony; (2) that petitioner was the target of selective and vindictive prosecution; (3) that petitioner received ineffective assistance of counsel because counsel failed to present argument that petitioner does not have three qualifying prior convictions for an § 851 enhancement to a mandatory life sentence; and (4) petitioner received ineffective assistance of counsel when counsel failed to argue that petitioner could not be convicted and sentenced on Counts Three and Four. Id. at *2.

On December 29, 2010, the Court denied a Writ of Audita Querela (Cr. Doc. #681) without prejudice to seeking permission from the Eleventh Circuit to file a successive § 2255 motion. United States v. Byrd, No. 2:02-CR-117, 2010 WL 5463060, at *1 (M.D. Fla. Dec. 29, 2010). On or about January 6, 2010, petitioner filed an application seeking leave to file a successive motion. (Cv. Doc. #8, ¶ 17.) On January 31, 2011, the Eleventh Circuit denied petitioner's application for leave to file a second or

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

[3] Giglio v. United States, 405 U.S. 150 (1972).

successive motion.  See In re: Jimmie Byrd, No. 11-10128-I (11th Cir. Jan. 31, 2011).

**II.**

To file a second or successive Motion under Section 2255, petitioner must obtain certification from the Eleventh Circuit Court of Appeals.  28 U.S.C. § 2255(h)[4]; Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011), cert. denied, 132 S. Ct. 1001 (2012).  Petitioner did file an application for certification in the past, however the request was denied.  There is no indication petitioner has since sought or obtained such certification from the Eleventh Circuit.  In the absence of an order authorizing the undersigned to consider a second or successive motion, the current Motion must be dismissed for lack of jurisdiction on this basis.  Farris v. United States, 333 F.3d

---

4 Section 2255(h) provides that a second or successive motion must be certified to contain:

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

1211, 1216 (11th Cir. 2003); El-Amin v. United States, 172 F. App'x 942, 946 (11th Cir. 2006).

The issues raised by petitioner in his current petition are: (1) Whether his constitutional rights were violated by imposition of a minimum mandatory sentence of life pursuant to 21 U.S.C. § 851(a); and (2) Whether the conviction and mandatory life sentence must be vacated because 21 U.S.C. § 841(a) is unconstitutional because it fails to include the penalties in § 841(b) as an element. Petitioner acknowledges that the motion is successive. Petitioner argues, however, that the bar on the filing of successive petitions is unconstitutional. The Court disagrees.

As outlined above, petitioner previously sought relief under Section 2255, which relief was denied. Petitioner argues that the restrictions on the filing of a second and successive Section 2255 motion are unconstitutional under McCarthan[5], and therefore the merits should be considered. Nothing in McCarthan even suggests that the § 2255(h) restriction is unconstitutional. This requirement under Section 2255(h) would become a "nullity" if petitioner could simply circumvent the bar on successive petitions, McCarthan, 851 F.3d at 1091, and the Eleventh Circuit

---

[5] McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017), cert. denied sub nom. McCarthan v. Collins, No. 17-85, 2017 WL 3036778 (U.S. Dec. 4, 2017).

continues to require section 2255(h) authorization after McCarthan, see, e.g., In re Hernandez, 857 F.3d 1162, 1163 (11th Cir. 2017) (denying an application for leave to file a second or successive § 2255 based on Johnson v. United States, 135 S. Ct. 2551 (2015)).

Because petitioner has failed to comply with § 2255(h), this court has no jurisdiction to entertain his current petition. The motion will be dismissed.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's "Motion to Vacate, Correct or Set Aside Pursuant to Title 28 U.S.C. § 2255 in Light of McCarthan v. Director of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017)(En Banc)" (Cv. Doc. #1; Cr. Doc. #716) is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___11th___ day of December, 2017.

                                              _____
                                              JOHN E. STEELE
                                              SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA