UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO: 2:02-cr-117-FtM-29

JIMMIE LEE BYRD

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Correct Portions of the Record Pursuant to Rule 36 of the Federal Rules of Criminal Procedure (Doc. #725) and Sworn Affidavit in Support of Rule 36 Motion (Doc. #726) filed on April 20, 2018. For the reasons set forth below, the motion is dismissed for lack of jurisdiction.

Defendant seeks to "correct errors in the record pursuant to Rule 36", and specifically the fact that defendant had at least two prior felony drug convictions, which contributed to his life sentence. Defendant argues that he was not convicted in 1990 or 1992 for conspiracy to import marijuana, and therefore the §851 notice is inaccurate. The Court rejected this issue on the merits in an Opinion and Order (Doc. #654) addressing defendant's first 2255 motion. This is also one of the issues defendant attempted to raise in a second 2255 motion, which was dismissed as successive. Byrd v. United States, No. 2:17-CV-414-FTM-29MRM, 2017 WL 6343672, at *2 (M.D. Fla. Dec. 11, 2017).

The Court has an obligation to determine if it has authority to consider defendant's request. The authority of the Court is an issue of law. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003). Because defendant is proceeding *pro se*, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990). The Court has no inherent power to correct an illegal sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. Diaz-Clark, 292 F.3d at 1315.

"After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "It is clear in this Circuit that Rule 36 may not be used to make a substantive alteration to a criminal sentence." [ ] Our precedent provides that while Rule 36 may be used to correct a "clerical" error in a written judgment, "correction of the judgment [cannot] prejudice the defendant in any reversible way." United States v. Davis, 841 F.3d 1253, 1261 (11th Cir. 2016), cert. denied sub nom. Coffee v. United States, 137 S. Ct. 2318 (2017).

Defendant is not seeking to correct a clerical order, or part of the record, but rather to invalidate his prior convictions. The Court finds no jurisdiction to entertain defendant's motion.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Correct Portions of the Record Pursuant to Rule 36 of the Federal Rules of Criminal Procedure (Doc. #724) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___7th___ day of May, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record